**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION**

VIRGINIA BALOGH, GARY DENHOFF,
LOUISE DENHOFF, WILLIAM DEVLIN, MARY
DEVLIN, HAROLD KIEL, BARBARA KIEL,
AND BRIAN SHAFER,

          *Plaintiffs*,

    vs.

DOMINION ENERGY, INC., EASTERN GAS
TRANSMISSION AND STORAGE, INC. F/K/A
DOMINION ENERGY TRANSMISSION, INC.
AND BHE GT&S, LLC,

          *Defendants*.

Case No.

## NOTICE OF REMOVAL

Defendants Dominion Energy, Inc. ("Dominion Energy"), Eastern Gas Transmission and Storage, Inc. ("EGTS") and BHE GT&S, LLC ("BHE GT&S") hereby give notice that Civil Action No. 2022-203, captioned *Virginia Balogh et al. v. Defendants Dominion Energy, Inc. et al.* (the "State Court Action"), is removed from the Court of Common Pleas of Potter County, Pennsylvania, where it was originally filed and is currently pending, to the United States District Court for the Middle District of Pennsylvania, Williamsport Division. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons below:

## INTRODUCTION

This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, et seq. Complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In support of removal, Defendants state as follows:

## PROCEDURAL BACKGROUND

1.      Plaintiffs filed the Complaint on June 8, 2022.  A copy of the Complaint is attached as Exhibit A, which comprises "all process, pleadings and orders" served upon Defendants in the State Court Action and are provided with this Notice in accordance with 28 U.S.C § 1446(a).

2.      This action arises out of claims made by Plaintiffs related to the alleged release of substances from a compressor station in Potter County, Pennsylvania.  Exhibit A, at ¶ 1.  Plaintiffs assert that the release of the substances caused them diminution in value to their properties and physical hardships.  *Id*. at ¶ 2.  Plaintiffs asserts causes of action against Defendants for negligence, public nuisance, private nuisance, and trespass to land.  *Id*. at ¶¶ 40-56.

3.      The United States Supreme Court has set forth the pleading standard applicable to a notice of removal:

> [A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a).  By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.  <u>See</u> 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639-641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' - terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a).").  The legislative history of §1446(a) is corroborative.  Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100-889, p. 71 (1988).  <u>See also ibid.</u> (disapproving decisions requiring "detailed pleading").

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

**DEFENDANTS HAVE SATISFIED THE PROCEDURAL
REQUIREMENTS OF REMOVAL**

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."

5.      Venue is proper under 28 U.S.C. § 1441(a), as this Court is the United States District Court for the district and division in which the State Court Action is pending.  This Notice of Removal is filed within 30 days of service, in compliance with 28 U.S.C. § 1446(b) and is therefore timely.

6.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders and other documents served on Defendants in the Court of Common Pleas of Potters County, Pennsylvania are attached as Exhibit A.  Moreover, with the filing of this Notice of Removal, Defendants are paying the prescribed filing fee, filing proof of filing the Notice with the Clerk for the State Court Action and proof of service on all adverse parties, and complying with all local rules.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT
MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).**

7.      Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between. . . citizens of different States[.]"

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.**   **There Is Complete Diversity of Citizenship Between Plaintiffs and Defendants**

9.     Plaintiffs allege that they are citizens of the Commonwealth of Pennsylvania. Exhibit A at ¶¶ 3-7.

10.    The federal diversity jurisdiction statute provides that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1) (instructing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business.")

11.     In turn, the Supreme Court defines principal place of business as the place where:

> officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings...

*Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1185 (2010) *Id.* at 1192.

12.    None of the defendants is a citizen of the state in which the State Action is pending.

13.    Defendant Dominion Energy is a Virginia corporation and its principal place of business is in Richmond, Virginia.  Exhibit B, Affidavit of Jordan C. Saltzberg, ¶¶ 3, 4.  Dominion Energy is, therefore, a citizen of the State of Virginia.

14.    Defendant EGTS is a Delaware corporation and its principal place of business is in West Virginia.  Exhibit C, Affidavit of Jacqueline A. Wilson, ¶¶ 3, 4.  EGTS is, therefore, a citizen of the States of Delaware and West Virginia.

15.    Defendant BHE GT&S is a Delaware limited liability company and its principal place of business is in Richmond, Virginia.  Exhibit D, Affidavit of Jacqueline A. Wilson, ¶ 3.

16.     BHE GT&S is 100% owned by BHE Pipeline Group, LLC ("BHE Pipeline"), is a Delaware limited liability company and its principal place of business is in Des Moines, Iowa. Exhibit D, ¶¶ 4, 5.

17.     BHE Pipeline is 100% owned by Berkshire Hathaway Energy Company ("Berkshire Hathaway Energy"), is an Iowa corporation and its principal place of business is in Des Moines, Iowa.  Exhibit D, ¶¶ 6, 7.

18.     BHE GT&S is, therefore, a citizen of the States of Delaware, Iowa and/or Virginia.

19.     Accordingly, there is complete diversity under 28 U.S.C. § 1332 as between the parties, Plaintiffs and Defendants.

### B.     The Amount in Controversy Requirement Is Satisfied

20.     Where an initial pleading seeks a money judgment "but the State practice [] does not permit demand for a specific sum," a "notice of removal may assert the amount in controversy[.]" 28 U.S.C. § 1446(c)(2)(A).  The State practice of Pennsylvania does not permit demand for a specific sum in cases for unliquidated damages.  Pa. R. Civ. P. 1021(b); *see Intzekostas v. Atria Ctr. City*, CV 20-5540, 2020 WL 7769736, at *3 (E.D. Pa. Dec. 29, 2020) ("Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated,").

21.     In accordance with Pennsylvania state practice, Plaintiffs' Complaint seeks to recover "an amount greater than the jurisdictional limitation of compulsory arbitration, together with all taxable interest and costs, punitive damages and attorney fees ….".  Exhibit A, Wherefore clauses.  Thus, under "§ 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

22.     Defendants expressly dispute any liability to Plaintiffs for any monetary, declaratory, or equitable relief, under any claim, and reserves the right to dispute that Plaintiffs' Complaint states a claim upon which relief can be granted or otherwise presents a justiciable controversy.   For the purposes of this Notice of Removal, however, Defendants allege and represent that based on the Complaint, the amount in controversy exceeds $75,000.

23.     Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.  In such a case, "removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs." *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 474 (E.D. Pa. 2013); *see Evans v. Zhang*, CV 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) ("the removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.").

24.     The Complaint alleges that Plaintiffs suffered diminution in property damage and physical hardships, including physical harm.  Exhibit A, ¶¶ 1, 2. The value of these extensive alleged damages is not specified in the Complaint.

25.     Based on the types of damages alleged in the Complaint, the absence of a specific amount, and the allegations herein, the amount in controversy in this action exceeds $75,000.00.

### CONCLUSION AND PRAYER

26.     By filing this Notice of Removal, Defendants do not waive any jurisdictional or other defenses that might be available to them.  In addition, Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims and reserve the right to amend or supplement this Notice of Removal.

27.     All conditions and procedures for removal have been satisfied.

28.     Accordingly, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants remove to this Court the State Court Action.  Defendants respectfully requests that this Court assume jurisdiction of this case as if it had been originally filed here, and that further proceedings in the State Court Action be stayed.

29.     Should any question arise as to propriety of the removal of this matter, Defendants respectfully request an opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper.

WHEREFORE, Defendants respectfully request that this Action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Babst, Calland, Clements & Zomnir, P.C.


By: _/s/ Marc J. Felezzola_____
        Marc J. Felezzola, Esquire
        Pa. I.D. 312290
        James V. Corbelli, Esquire
        Pa. I.D. 56671
        (Petition to Practice to be Filed)
        Two Gateway Center
        603 Stanwix Street, 6th Floor
        Pittsburgh, PA  15222
        (412) 773-8705 – Phone
        mfelezzola@babstcalland.com
        jcorbelli@babstcalland.com

        *Counsel for Defendants*
        *Dominion Energy, Inc., Eastern Gas*
        *Transmission and Storage, Inc. f/k/a*
        *Dominion Energy Transmission, Inc. and*
        *BHE GT&S, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2022, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Victor H. Pribanic, Esquire
Ernest J. Pribanic, Esquire
Pribanic & Pribanic
1735 Lincoln Way
White Oak, PA 15131
vpribanic@pribanic.com
epribanic@pribanic.com

 */s/ Marc J. Felezzola* _____
Marc J. Felezzola, Esquire
*Counsel for Defendants*

.