# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF POTTER COUNTY, PENNSYLVANIA

VIRGINIA BALOGH, GARY DENHOFF,
LOUISE DENHOFF, WILLIAM DEVLIN,
MARY DEVLIN, HAROLD KIEL,
BARBARA KIEL, and BRIAN SHAFER,

          Plaintiffs,

   vs.

DOMINION ENERGY, INC., EASTERN GAS
TRANSMISSION AND STORAGE, INC. f/k/a
Dominion Energy Transmission, Inc. and
BHE GT&S, LLC,

          Defendants.

CIVIL DIVISION - LAW

No. 2022 - 203

COMPLAINT

Filed on behalf of plaintiffs
**Virginia Balogh,** *et alia*

Counsel of record for this party:

Victor H. Pribanic, Esquire
Penn Attorney #30785

**Ernest J. Pribanic, Esquire**
Penn Attorney #319522

PRIBANIC & PRIBANIC
1735 Lincoln Way
White Oak, PA  15131
(412) 672-5444

*Jury Trial Demanded*

IN THE COURT OF COMMON PLEAS
OF POTTER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA BALOGH, GARY DENHOFF, | ) | CIVIL DIVISION - LAW |
| LOUISE DENHOFF, WILLIAM DEVLIN, | ) | |
| MARY DEVLIN, HAROLD KIEL, | ) | |
| BARBARA KIEL, and BRIAN SHAFER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2022 - |
| | ) | |
| vs. | ) | |
| | ) | |
| DOMINION ENERGY, INC., EASTERN GAS | ) | |
| TRANSMISSION AND STORAGE, INC. f/k/a | ) | |
| Dominion Energy Transmission, Inc. and | ) | |
| BHE GT&S, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice were served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money, property, or other important rights.

YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Office of the Prothonotary
Potter County Courthouse
Coudersport, PA  16915
(814) 274-9740

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
100 South Street
Harrisburg, PA 17108
(800) 692-7375

IN THE COURT OF COMMON PLEAS
OF POTTER COUNTY, PENNSYLVANIA

| | |
|---|---|
| VIRGINIA BALOGH, GARY DENHOFF, LOUISE DENHOFF, WILLIAM DEVLIN, MARY DEVLIN, HAROLD KIEL, BARBARA KIEL, and BRIAN SHAFER,<br><br>        Plaintiffs,<br><br>   vs.<br><br>DOMINION ENERGY, INC., EASTERN GAS TRANSMISSION AND STORAGE, INC. f/k/a Dominion Energy Transmission, Inc. and BHE GT&S, LLC,<br><br>        Defendants. | CIVIL DIVISION - LAW<br><br><br>No. 2022 - |

## COMPLAINT

AND NOW COME these eight plaintiffs, by and through their counsel Pribanic & Pribanic, LLC to file this complaint, demand trial by jury, and aver as follows upon their collective knowledge, information, or belief as the case may be:

### Introduction - Nature of the Action:

1.  This matter seeks damages for the release of several thousand gallons of highly toxic substances known to cause organ and neurological damage that escaped from a ruptured underground transfer line owned and operated by the defendants at one of their compressor stations. The toxins (among which included ethylene glycol) migrated into the ground water, contaminated plaintiffs' drinking water, polluted a fishing pond on one of the properties, and exposed the plaintiffs to contemporaneous and insidious physical harm.

2.  The plaintiffs seek damages for defendants' reckless discharge of the toxic pollutants, diminution in value to their properties, and concomitant physical hardships they endured.

**The Parties:**

3.     Plaintiff Virginia Balogh is an adult domiciliary of Potter County who owns real estate located at 611 French Rooney Road in the Township of Genesee.

4.     Plaintiffs Gary Denhoff and Louise Denhoff are married adult domiciliaries of Potter County who own real estate located at 313 North Brookland Road in the Township of Genesee.

5.     Plaintiffs William Devlin and Mary Devlin are married adult domiciliaries of Potter County who own real estate located at 521 French Rooney Road in the Township of Genesee.

6.     Plaintiffs Harold Kiel and Barbara Kiel are married adult domiciliaries of Potter County who own real estate located at 733 French Rooney Road in the Township of Genesee.

7.     Plaintiff Brian Shafer is an adult domiciliary of Virginia who owned real estate located at 775 French Rooney Road in the Township of Genesee when the toxins escaped.

8.     Defendant Dominion Energy, Inc. is a Virginia corporation in the business of energy transmission, the principal place of business of which is located at 120 Tredegar Street, Richmond, Virginia.

9.     Dominion Energy either owns the underground pipe system from which the toxic substances escaped or owned such pipe system at the time of the breach.

10.     Defendant BHE GT&S, LLC is a corporation, the headquarters of which is located at 6603 West Broad Street, Richmond, Virginia that provides natural gas and storage services through its local operating company, defendant Eastern Gas Transmission and Storage, Inc.

11.     BHE GT&S, LLC either owns the underground pipe system from which the toxic substances escaped or owned such pipe system at the time of the breach.

12.     Defendant Eastern Gas Transmission and Storage, Inc. is a corporation formerly known as Dominion Energy Transmission, Inc. that is authorized to conduct business within the Commonwealth of Pennsylvania, the headquarters of which is located at 445 West Main Street, Clarksburg, West Virginia.

13.     Eastern Gas Transmission and Storage, Inc. either owns the underground pipe system from which the ethylene glycol and other toxic substances escaped or owned such pipe system at the time of the breach.

**Allegations of Fact:**

14.     The defendants own and maintain a network of underground pipes through which they transmit substances in furtherance of their energy transportation businesses.

15.     Some segments of the network of underground pipes referenced in ¶ 14 are situated close enough to plaintiffs' properties such that any fluids that escape the network would migrate onto, in, or through plaintiffs' properties.

16.     Ethylene glycol and diethylene glycol are substances that flow through defendants' network of underground pipes in furtherance of their energy transportation businesses.

17.     Ethylene glycol and diethylene glycol are toxic to human and animal life, are known to cause teratogenic, organ, and neurological damage, and may cause death or illness if swallowed or otherwise consumed.

18.     The defendants' network of underground pipes experienced a rupture prior to July 2020 through which several thousand gallons of a combination of ethylene glycol, diethylene glycol, and other toxic substances escaped from the network into the surrounding grounds and infiltrated the groundwater.

19.    Plaintiffs' source of potable water at the time of the glycol release came from underground wells located on their properties.

20.    The plaintiffs experienced significant discoloration of their potable water sources during June 2020, which rendered their water undrinkable.

21.    The plaintiffs also experienced repugnant odors during June 2020 that emanated from their potable water sources, which rendered their water unusable for all other purposes.

22.    Plaintiffs Gary and Louise Denhoff experienced a significant death of fish populations in a pond on their property during June 2002.

23.    Mrs. Denhoff also became ill from her unwitting ingestion of the glycol laden drinking water, which required a visit to the hospital on the recommendation of her personal care physician.

24.    The rupture in the defendants' underground pipe system and subsequent release of toxic substances into the surrounding grounds and groundwater caused the conditions described in ¶¶ 20-23.

25.    The Pennsylvania Department of Environmental Protection has tested the plaintiffs' supply of potable and surface water, pursuant to which it identified the presence of hazardous substances, pollutants, and contaminants within the meaning of the Clean Streams Law, 35 P.S. § 691.1 *et seq*.

26.    One or more of the individual defendants has acknowledged to the Pennsylvania DEP that ethylene glycol and/or diethylene glycol were/was released from an underground pipe which at least one of the defendants owned.

27.    The plaintiffs necessarily ingested and otherwise used the polluted drinking water in their patterns of daily living prior to the time they became aware of the leakage of glycol from defendants' network of underground pipes.

28.    It was incumbent on the plaintiffs to receive outside sources of potable water to drink and use in their daily lives following release of the ethylene glycol and diethylene glycol.

29.    The rupture in defendants' network of underground pipers through which the toxic substances escaped in 2020 and migrated unto plaintiffs' properties and into their sources of potable groundwater was not the first to have occurred to the network.  To the contrary, glycols and other toxic pollutants escaped from the defendants' network in 1997, 2000, 2003, and 2005.

30.    At least some of the pre-2020 toxic leakages followed the same migratory path as the 2020 occurrence.

31.    Those of the defendants who owned or were otherwise responsible for the network of underground pipes from 1997 onward did little or nothing over the years to prevent additional, recurrent glycol and other toxic groundwater contamination events notwithstanding express knowledge of the toxicity of the chemicals and that the network was in a sufficient state of disrepair so as to allow toxic chemicals to escape the network from time to time and thereafter migrate unto plaintiffs' properties and into their sources of potable groundwater.

32.    The defendants did not check, examine, or test their glycol tanks and network transmission system on a commercially reasonable and robust basis to prevent leakage of toxic chemicals from their system of underground pipes.

33.  The defendants declined to initiate or implement effective measures to prevent leakage of toxic chemicals from their network of underground pipes notwithstanding their specific awareness that their network had in the past allowed glycols and other toxic substances to escape into neighboring groundwater supplies.

34.  The defendants never engaged a qualified environmental consultant to prepare site investigations or remediation plans following the 1997 and subsequent pollution events articulated in ¶ 29.

35.  The defendants knew or should have known that their refusal or failure to take necessary, commercially reasonable, and enduring environmental safety responses in the face of multiple instances where glycol and other toxic chemicals escaped from their network of underground pipes would result in additional failures in their network that would ultimately pollute the neighboring groundwater and properties.

36.  The defendants' actions and failures to act described *supra* to abate the source of the toxic contamination over the years were intentional, willful, knowing, and reckless, and constitutes outrageous conduct under the circumstances.

37.  The plaintiffs have suffered a diminution in value to their respective properties as a result of the migration of the glycols and other toxic substances onto their properties.

38.  The plaintiffs have suffered a disruption to their patterns of daily living as a result of the toxic contamination to their properties, which has also caused them to incur otherwise unnecessary expenses and inconveniences.

39.  Plaintiffs' consumption and use of the polluted groundwater prior to their knowledge of the condition thereof have exposed the plaintiffs to contemporaneous and long term insidious physical harm.

## Count I - Negligence

40.     The plaintiffs incorporate by reference herein paragraphs 1 through 39, inclusive, as if fully set forth herein.

41.     The defendant owners of the ruptured or otherwise unserviceable pipe from which the toxic substances escaped were under a duty to maintain the underground pipe network in such condition that no substances within the network escaped therefrom for any reason.

42.     The defendant owners of the ruptured or otherwise unserviceable pipe from which the toxins escaped breached duties they owed to the plaintiffs when they:

a.      allowed toxic substances to escape from the network of underground pipes, which thereafter migrated onto, in, or through plaintiff's properties and contaminated those properties;

b.      failed to exercise due care to handle, transport, treat, or dispose of the toxic substances within the underground pipe network;

c.      failed to exercise due care to maintain, repair, or inspect the network;

d.      failed to discover and take reasonable precautions against leaks or ruptures within the network;

e.      failed to exercise due care to install or upgrade the network as needed;

f.      failed to exercise due care not to impair plaintiffs' ownership rights through contamination of their properties;

g.      facilitated a dangerous condition on plaintiffs' properties;

h.      failed to warn, notify, or disclose to the plaintiffs or to the Pennsylvania DEP that a release of the toxic glycols from the network had occurred; and

i.      violated the Pennsylvania Clean Streams Law through release of glycols and other toxic substances into the surrounding groundwater.

43.     Violation of the Clean Stream Law also constitutes negligence *per se*.

44.     The plaintiffs were exposed to toxic substances and have suffered injuries as the direct and proximate result of defendants' negligent acts and omissions.

WHEREFORE the plaintiffs respectfully demand trial by jury and pray that this Honorable Court enter judgment in their favor in an amount greater than the jurisdictional limitation of compulsory arbitration, together with all taxable interest and costs allowed under Pennsylvania law.

### Count II - Public Nuisance

45.     The plaintiffs incorporate by reference herein paragraphs 1 through 44, inclusive, as if fully set forth herein.

46.     As a result of defendants' acts articulated *supra* in this complaint, the defendants have created a public nuisance *per se* within the meaning of § 401 and § 503 of the Clean Streams Law.

47.     The plaintiffs have suffered the harms articulated *supra* in this complaint during exercise of the right common to all members of the general public:

a.      to enjoy clean air and pure water under Article I, § 27 of the Pennsylvania Constitution;

b.      to unpolluted, clean streams and water with the Commonwealth under § 4 of the Cleans Streams Law; and

c.    to be free from threats to public health, safety, and welfare under § 601 of the Cleans Streams Law.

48.    The plaintiffs suffered harm of a nature different from that which other members of the public suffered in the form of:

a.    consumption of contaminated water prior to knowledge of the contamination;

b.    use of contaminated water in their daily lives for ordinary household purposes;

c.    exposure to toxic vapors;

d.    diminished property values; and

e.    interference with the use and enjoyment of their properties as a result of the pollution referenced in this complaint.

49.    Plaintiffs were exposed to toxic substances and have suffered injuries as the direct and proximate result of defendants' negligent acts and omissions.

WHEREFORE the plaintiffs respectfully demand trial by jury and pray that this Honorable Court enter judgment in their favor in an amount greater than the jurisdictional limitation of compulsory arbitration, together with all taxable interest and costs, punitive damages and attorney fees that may be recoverable under Pennsylvania law.

### Count III - Private Nuisance

50.    The plaintiffs incorporates by reference herein paragraphs 1 through 49, inclusive, as if fully set forth herein.

51.    Violations of the Clean Streams Law constitute a nuisance *per se* within the meaning of § 401 and § 503 of the Clean Streams Law.

52.    The defendants violated the Clean Streams Law when glycols and other toxic substances escaped from their underground pipe network and migrated onto, in, and through plaintiffs' property and groundwater, which contaminated their properties and wells.

53.    The contamination that plaintiffs suffered as a result of the release of the toxic substances has caused injury, damage, inconvenience, annoyance, discomfort, disruption to their ordinary patterns of daily living and reasonable enjoyment of their property, and diminution of the value to their property.

54.    Plaintiffs were exposed to toxic substances and have suffered injuries as the direct and proximate result of defendants' negligent acts and omissions.

WHEREFORE the plaintiffs respectfully demand trial by jury and pray that this Honorable Court enter judgment in their favor in an amount greater than the jurisdictional limitation of compulsory arbitration, together with all taxable interest and costs, punitive damages and attorney fees that may be recoverable under Pennsylvania law.

## Count IV - Trespass to Land

55.    The plaintiffs incorporates by reference herein paragraphs 1 through 44, inclusive, as if fully set forth herein.

56.    The actions of these defendants as set forth in this complaint by which toxic chemicals migrated onto, in, and through plaintiffs' properties constitute an unprivileged, wrongful, and unreasonable trespass upon lands of the plaintiffs.

WHEREFORE the plaintiffs respectfully demand trial by jury and pray that this Honorable Court enter judgment in their favor in an amount greater than the jurisdictional limitation of compulsory arbitration, together with all taxable interest and costs, punitive damages and attorney fees that may be recoverable under Pennsylvania law.

Respectfully submitted,

Victor H. Pribanic, Esquire
Penn. Attorney 30785

Ernest J. Pribanic, Esquire
Penn. Attorney #319522

PRIBANIC & PRIBANIC
1735 Lincoln Way
White Oak, PA  15131
(412) 672-5444

## Verification

*Virginia Balogh*

I, [NAME], state that I am one of the plaintiffs in this matter, and that the complaint is based upon information I have furnished to my counsel. The language of the complaint is that of counsel and not of me directly. Nevertheless, I have read the complaint. To the extent the complaint is based upon information that I have provided to counsel, the complaint is true and correct to the best of my knowledge, information, or belief. To the extent that the averments of the complaint are that of counsel, I have relied upon counsel to execute this verification. I understand, however, that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: *June 3, 2022*

*Virginia R Balogh*
[NAME]

# <u>VERIFICATION</u>

We hereby acknowledge that we are one of the plaintiffs in this matter, and that the complaint is based upon information we have furnished to our counsel. The language of the complaint is that of counsel and not of us directly. Nevertheless, we have read the complaint. To the extent the complaint is based upon information that we have provided to counsel, the complaint is true and correct to the best of our knowledge, information, or belief. To the extent that the averments of the complaint are that of counsel, we have relied upon counsel to execute this verification. We understand, however, that the false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

6-3-2021
Date

6-3-2021
Date

Gary Denhoff

Louise Denhoff

**Verification**

*William Devlin and Mary Devlin*

I, [NAME], state that I am one of the plaintiffs in this matter, and that the complaint is based upon information I have furnished to my counsel. The language of the complaint is that of counsel and not of me directly. Nevertheless, I have read the complaint. To the extent the complaint is based upon information that I have provided to counsel, the complaint is true and correct to the best of my knowledge, information, or belief. To the extent that the averments of the complaint are that of counsel, I have relied upon counsel to execute this verification. I understand, however, that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 6-1-2022

[NAME]

## Verification

I, [NAME] *Harold Kiel*, state that I am one of the plaintiffs in this matter, and that the complaint is based upon information I have furnished to my counsel. The language of the complaint is that of counsel and not of me directly. Nevertheless, I have read the complaint. To the extent the complaint is based upon information that I have provided to counsel, the complaint is true and correct to the best of my knowledge, information, or belief. To the extent that the averments of the complaint are that of counsel, I have relied upon counsel to execute this verification. I understand, however, that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 6/1/22

[NAME]

**Verification**

Brian Shafer

I, [NAME], state that I am one of the plaintiffs in this matter, and that the complaint is based upon information I have furnished to my counsel. The language of the complaint is that of counsel and not of me directly. Nevertheless, I have read the complaint. To the extent the complaint is based upon information that I have provided to counsel, the complaint is true and correct to the best of my knowledge, information, or belief. To the extent that the averments of the complaint are that of counsel, I have relied upon counsel to execute this verification. I understand, however, that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 5 3 22

[NAME]

CERTIFICATE OF COMPLIANCE

I hereby certify that the within document complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts, the latter of which require filing confidential information documents differently than nonconfidential information and documents.

Ernest G. Probanic, Esquire
Penn. Attorney #319522

COVER SHEET

Every initial pleading and every first pleading after new counsel begins representation shall have a cover sheet which discloses the identity and addresses of the parties along with the name, address and phone number of counsel representing each party if known in substantially the following form:

Virginia Balogh, Gary Denhoff, Louise Denhoff, William Devlin, Mary Devlin, Harold Kiel, Barbara Kiel, and Brian Shafer
_____
Plaintiff

vs.

Dominion Energy, Inc., Eastern Gas Transmission and Storage, Inc., f/k/a Dominion Energy Transmission, Inc., and BHE GT&S, LLC
_____
Defendant

:IN THE COURT OF COMMON PLEAS
:OF POTTER COUNTY, PA
:
:No._____of _____
:
:CIVIL DIVISION

Type of Document: Complaint _____
(Filed on Behalf of) Plaintiffs _____

Attorney                         for                         Plaintiff: Victor H. Pribanic
Address: Pribanic & Pribanic, LLC, 1735 Lincoln Way, White Oak, PA  15131
Phone Number:  412-672-5444
Fax Number: 412-672-3715

Attorney for Defendant: Jim Corbelli
Address: Babst Calland, Two Gateway Center, 603 Stanwix Street, 6th Floor, Pittsburgh, PA 15222
Phone Number: 412-394-5400
Fax Number: 412-394-6576

5

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
_____ County
Potter

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N  A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Virginia Balogh

Lead Defendant's Name:
Dominion Energy, Inc.

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested:
(check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney:  Victor H. Pribanic

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**S E C T I O N  B**

**Nature of the Case:** Place an "X" to the left of the <u>ONE</u> case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☒ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*